1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIBBOLETH E. ADELL, JR.,                    No. C 07-4258 SI (pr)

       Plaintiff,                          **ORDER OF SERVICE**

   v.

JEFF VICKERS, food service cook;
et al.,

       Defendants.
_____/

## INTRODUCTION

    Sibboleth E. Adell, Jr., currently an inmate at the Contra Costa County Jail's West County Detention Facility in Richmond, California, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

    In his complaint, Adell alleges that he has food allergies to meat and dairy products that jail staff have refused to accommodate. He alleges that custodial staff have been made aware of his special dietary needs by the medical department. Nonetheless, deputies Hayes, Sibbitt, and Burns allegedly made no effort to ensure that he received a balanced meal, despite his complaints to them. He further alleges that he filed a grievance with the kitchen staff but received no response. A captain allegedly responded to another grievance by stating that the matter should be taken care of and he would not be subjected to a vegetarian diet. Jeff Vickers, the food services director, is named as a defendant.

United States District Court
For the Northern District of California

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> at 1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not be so bad that they amount to cruel and unusual punishment. Adequate food is a basic human need protected by the Eighth Amendment. <u>See</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996), <u>amended</u>, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. <u>See</u> <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary diet of Nutraloaf, which exceeds inmate's daily nutritional requirements, does not violate 8th Amendment).[1]

---

[1]Adell did not allege whether he was a pretrial detainee or was a convict at the time of the incidents alleged in his complaint. His status matters because it affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. <u>See</u> <u>Carnell v. Grimm</u>, 74 F.3d 977, 979 (9th Cir. 1996). In their dispositive motion, defendants should identify whether Adell was a pretrial detainee or a convict at the time of the alleged incidents.

United States District Court
For the Northern District of California

Liberally construed, the complaint states a claim for relief for an Eighth Amendment violation (or Fourteenth Amendment violation, if Adell was a pretrial detainee) in alleging that jail staff refuse to provide meals that accommodate Adell's allergies to beef and dairy products. Although Adell allegedly alerted custodial and food service staff to his dietary needs, he was denied meals on some occasions and on other occasions was served meals "loaded with cheese," Complaint, p. 3, that did not accommodate his dietary needs. Liberally construed, the complaint adequately links custodial deputies Hayes, Sibbitt, and Burns as well as food service director Jeff Vickers to the claim.

Contra Costa County Sheriff Rupf is named as a defendant. The complaint does not allege that he had any personal involvement with Adell's problem and apparently was named as a defendant because he is in charge of the jail. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Sheriff Rupf is dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Hayes, Sibbitt, Burns and Vickers for an Eighth Amendment violation (or a Fourteenth Amendment violation if Adell was a pretrial detainee at the time of the alleged incidents). The other defendants are dismissed without prejudice.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon defendants, all of whom allegedly work at the West County Detention Facility in Richmond, California: (1) Contra Costa County Sheriff's deputy J. Hayes, (2) Contra Costa County Sheriff's deputy Sibbitt, (3) Contra Costa County Sheriff's deputy Burns, and (4) food service director Jeff Vickers.

1    3.    In order to expedite the resolution of this case, the following briefing schedule for

2    dispositive motions is set:

3        a.    No later than **March 28, 2008**, defendants must file and serve a motion for

4    summary judgment or other dispositive motion.  If defendants are of the opinion that this case

5    cannot be resolved by summary judgment, they must so inform the court prior to the date the

6    motion is due.

7        b.    Plaintiff's opposition to the summary judgment or other dispositive motion

8    must be filed with the court and served upon defendants no later than **May 2, 2008**.  Plaintiff

9    must bear in mind the following notice and warning regarding summary judgment as he prepares

10    his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they
> seek to have your case dismissed.  A motion for summary judgment under Rule
> 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  [¶]
> Rule 56 tells you what you must do in order to oppose a motion for summary
> judgment.  Generally, summary judgment must be granted when there is no
> genuine issue of material fact -- that is, if there is no real dispute about any fact
> that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply
> rely on what your complaint says.  Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or authenticated documents,
> as provided in Rule 56(e), that contradict the facts shown in the defendants'
> declarations and documents and show that there is a genuine issue of material fact
> for trial.  If you do not submit your own evidence in opposition, summary
> judgment, if appropriate, may be entered against you.  If summary judgment is
> granted, your case will be dismissed and there will be no trial.  (See Rand v.
> Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

21        c.    If defendants wish to file a reply brief, the reply brief must be filed and

22    served no later than **May 23, 2008**.

23    4.    All communications by plaintiff with the court must be served on a defendant's

24    counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard

25    any document which a party files but fails to send a copy of to his opponent.  Until a defendant's

26    counsel has been designated, plaintiff may mail a true copy of the document directly to

27    defendant, but once a defendant is represented by counsel, all documents must be mailed to

28    counsel rather than directly to that defendant.

**United States District Court**
For the Northern District of California

4

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: January 18, 2008

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California