OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

**RETURN TO SENDER**
**WEST CO DETENTION**

☐ CONTRABAND-NOT ACCEPTED
POLAROIDS, STICKERS, NEWSPAPER
CLIPPINGS, LIPSTICK, UNKNOWN STAINS

☐ OTHER
☒ NOT IN CUSTODY

94102@3489

# RECEIVED

JAN 2 8 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT.
NORTHERN DISTRICT OF CALIFORNIA

# FILED

JAN 2 8 2008

RICHARD W. WIE   G
CLERK U.S. DISTRICT CO
NORTHERN DISTRICT OF CALIFORNIA

07/4258
SI (PR)



NIXIE      945   SC 1      30   01/25/08

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

BC:  94102340999     *2605-04473-26-22

||l·|l·l||·l·||·||·|||·l·||·||·l·|l·l·|l·||·l·|l·|l·ll|

UNITED STATES POSTAGE
02 1A
0004329882        $ 00.58°
JAN 22 2008
MAILED FROM ZIP CODE 94102

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIBBOLETH E. ADELL, JR.,

Plaintiff,

v.

JEFF VICKERS, food service cook; et al.,

Defendants.

No. C 07-4258 SI (pr)

**ORDER OF SERVICE**

**INTRODUCTION**

Sibboleth E. Adell, Jr., currently an inmate at the Contra Costa County Jail's West County Detention Facility in Richmond, California, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

In his complaint, Adell alleges that he has food allergies to meat and dairy products that jail staff have refused to accommodate. He alleges that custodial staff have been made aware of his special dietary needs by the medical department. Nonetheless, deputies Hayes, Sibbitt, and Burns allegedly made no effort to ensure that he received a balanced meal, despite his complaints to them. He further alleges that he filed a grievance with the kitchen staff but received no response. A captain allegedly responded to another grievance by stating that the matter should be taken care of and he would not be subjected to a vegetarian diet. Jeff Vickers, the food services director, is named as a defendant.

1

**DISCUSSION**

2    A federal court must engage in a preliminary screening of any case in which a prisoner

3    seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u>

4    28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss

5    any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

6    or seek monetary relief from a defendant who is immune from such relief. <u>See id.</u> at

7    1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police</u>

8    <u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

9    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

10   a right secured by the Constitution or laws of the United States was violated and (2) that the

11   violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>,

12   487 U.S. 42, 48 (1988).

13   The Eighth Amendment's prohibition of cruel and unusual punishment covers not only

14   the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may

15   not be so bad that they amount to cruel and unusual punishment. Adequate food is a basic

16   human need protected by the Eighth Amendment. <u>See</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th

17   Cir. 1996), <u>amended</u>, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment requires only that

18   prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically

19   pleasing. <u>See</u> <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary diet of

20   Nutraloaf, which exceeds inmate's daily nutritional requirements, does not violate 8th

21   Amendment).[1]

22

23

24       [1]Adell did not allege whether he was a pretrial detainee or was a convict at the time of the

incidents alleged in his complaint. His status matters because it affects the constitutional

25   provision under which his claims arise: a pretrial detainee's claims about conditions of

confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's

26   claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though

pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as

27   a benchmark for evaluating those claims. <u>See</u> <u>Carnell v. Grimm</u>, 74 F.3d 977, 979 (9th Cir.

1996). In their dispositive motion, defendants should identify whether Adell was a pretrial

28   detainee or a convict at the time of the alleged incidents.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Liberally construed, the complaint states a claim for relief for an Eighth Amendment
2    violation (or Fourteenth Amendment violation, if Adell was a pretrial detainee) in alleging that
3    jail staff refuse to provide meals that accommodate Adell's allergies to beef and dairy products.
4    Although Adell allegedly alerted custodial and food service staff to his dietary needs, he was
5    denied meals on some occasions and on other occasions was served meals "loaded with cheese,"
6    Complaint, p. 3, that did not accommodate his dietary needs. Liberally construed, the complaint
7    adequately links custodial deputies Hayes, Sibbitt, and Burns  as well as food service director
8    Jeff Vickers to the claim.

9    Contra Costa County Sheriff Rupf is named as a defendant. The complaint does not
10    allege that he had any personal involvement with Adell's problem and apparently was named as
11    a defendant because he is in charge of the jail. There is no respondeat superior liability under
12    Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions
13    of an employee.   Liability under Section 1983 arises only upon a showing of personal
14    participation by the defendant.    Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
15    Accordingly, Sheriff Rupf is dismissed without prejudice.

16

17                                        **CONCLUSION**

18    For the foregoing reasons,

19    1.    The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants
20    Hayes, Sibbitt, Burns and Vickers for an Eighth Amendment violation (or a Fourteenth
21    Amendment violation if Adell was a pretrial detainee at the time of the alleged incidents). The
22    other defendants are dismissed without prejudice.

23    2.    The clerk shall issue a summons and the United States Marshal shall serve, without
24    prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in
25    the case file upon defendants, all of whom allegedly work at the West County Detention Facility
26    in Richmond, California: (1) Contra Costa County Sheriff's deputy J. Hayes, (2) Contra Costa
27    County Sheriff's deputy Sibbitt, (3) Contra Costa County Sheriff's deputy Burns, and (4) food
28    service director Jeff Vickers.

1    3.    In order to expedite the resolution of this case, the following briefing schedule for

2    dispositive motions is set:

3        a.    No later than **March 28, 2008**, defendants must file and serve a motion for

4    summary judgment or other dispositive motion.  If defendants are of the opinion that this case

5    cannot be resolved by summary judgment, they must so inform the court prior to the date the

6    motion is due.

7        b.    Plaintiff's opposition to the summary judgment or other dispositive motion

8    **must be** filed with the court and served upon defendants no later than **May 2, 2008**.  Plaintiff

9    must bear in mind the following notice and warning regarding summary judgment as he prepares

10   his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

        c.    If defendants wish to file a reply brief, the reply brief must be filed and

served no later than **May 23, 2008**.

4.    All communications by plaintiff with the court must be served on a defendant's

counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard

any document which a party files but fails to send a copy of to his opponent.  Until a defendant's

counsel has been designated, plaintiff may mail a true copy of the document directly to

defendant, but once a defendant is represented by counsel, all documents must be mailed to

counsel rather than directly to that defendant.

4

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: January 18, 2008

SUSAN ILLSTON
United States District Judge

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

SIBBOTH E. ADELL,

        Plaintiff,

v.

JEFF VICKERS et al,

        Defendant.

_____/

Case Number: CV07-04258 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sibboleth E. Adell 2007012452
5535 Giant Hwy.
Richmond, CA 94806

Dated: January 22, 2008

                    Richard W. Wieking, Clerk
                    By: Tracy Sutton, Deputy Clerk

FILED

JAN 1 8 2008

MICHAEL
CLERK US DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIBBOLETH E. ADELL, JR.,

No. C 07-4258 SI (pr)

Plaintiff,

**ORDER GRANTING LEAVE TO**
**PROCEED IN FORMA PAUPERIS**

v.

JEFF VICKERS, food service cook;
et al.,

Defendants.
_____/

Plaintiff's application to proceed in forma pauperis is GRANTED. (Docket # 2, # 4.) The total filing fee due is $350.00. The initial partial filing fee due for the plaintiff at this time is **$0.00** (zero dollars), due to the apparent absence of funds in his inmate trust account.. The clerk shall send a copy of this order and the attached instructions to the plaintiff, the jail's trust account office, and the court's financial office.

IT IS SO ORDERED.

Dated: January 17, 2008

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff
       Finance Office

2

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

SIBBOTH E. ADELL,

Plaintiff,

v.

JEFF VICKERS et al,

Defendant.

_____/

Case Number: CV07-04258 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sibboleth E. Adell 2007012452
5535 Giant Hwy.
Richmond, CA 94806

Financial Disivion

Jail Trust Account Office
5535 Giant Hwy.
Richmond, CA 94806
Dated: January 22, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk