SILVANO B. MARCHESI (SBN 42965)
County Counsel
MONIKA L. COOPER (SBN 193729)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone:  (925) 335-1800
Facsimile:   (925) 335-1866
Electronic mail: mcoop@cc.cccounty.us

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIBBOLETH E. ADELL, JR.,<br><br>           Plaintiff<br><br>v.<br><br>JEFF VICKERS, food service cook, et al.,<br><br>           Defendants. | No. C 07 - 4258 SI (PR)<br><br>ANSWER FOR DEFENDANTS HAYES, SIBBITT, BURNS AND VICKERS<br><br>JURY TRIAL DEMANDED |

ANSWER

Defendants HAYES, SIBBITT, BURNS AND VICKERS (hereafter "defendants") answer plaintiff Sibboleth E. Adell, Jr.'s complaint filed August 20, 2007, as follows:

1. Answering Part I of the complaint, entitled "Exhaustion of Administrative Remedies," defendants admit that the West County Detention Facility ("WCDF") in Contra Costa County has a written procedure for the submission of prisoner grievances. Defendants admit that plaintiff filed some grievances regarding his meals, but deny that plaintiff appealed to the highest level or exhausted his administrative remedies. Except as specifically so admitted and denied, defendants lack sufficient information on which to form a belief as to the truth or falsity of the remaining allegations of said Part, and on that basis deny each and every remaining allegation of said Part.

2. Answering Part II of the complaint, entitled "Parties," defendants admit that they are employees of the Contra Costa County Office of the Sheriff-Coroner. Except as specifically so admitted, defendants lack sufficient information on which to form a belief as to the truth or falsity of any or all of the remaining allegations of said Part, and on that basis deny each and every remaining allegation of said Part.

3. Answering Part III of the complaint, entitled "Statement of Claim," defendants respond to the numbered paragraphs of said Part as follows:

   a. Answering Paragraph 1 of said Part, defendants admit that plaintiff has filed some grievances regarding his meal service. Defendants deny each and every remaining allegation in said paragraph.

   b. Answering Paragraph 2 of said Part, defendants admit that medical approved a diet for plaintiff stating he should have a lactose intolerant diet and no red meat. Defendants deny that plaintiff was not sent appropriate meals. Defendants lack sufficient information on which to form a belief as to the truth or falsity of the remaining allegations, and on that basis deny them.

   c. Answering Paragraph 3 of said Part, defendants admit that plaintiff directed a slip marked "grievance" to the Dietician/Kitchen Staff on June 23, 2007. Defendants lack sufficient information on which to form a belief as to the truth or falsity of the remaining allegations, and on that basis deny them.

   d. Answering Paragraph 4 of said Part, defendants admit that plaintiff directed a slip marked "grievance" to Captain Nehman on June 24, 2007 and that the written response to plaintiff was "this should be taken care of." Defendants deny the remaining allegations in said paragraph.

   e. Answering Paragraph 5 of said Part, defendants deny all allegations in said paragraph.

   f. Answering Paragraph 6 of said Part, defendants deny all allegations in said paragraph.

   g. Answering Paragraph 7 of said Part, defendants deny that plaintiff was not

1  provided an appropriate meal.  Defendants lack sufficient information on which
2  to form a belief as to the truth or falsity of the remaining allegations, including,
3  but not limited to, the majority of the paragraph that is illegible, and on that basis
4  deny them.
5  h.  Answering Paragraph 8 of said Part, defendants deny that plaintiff was not
6  provided a meal.  Defendants lack sufficient information on which to form a
7  belief as to the truth or falsity of the remaining allegations, including, but not
8  limited to, the majority of the paragraph that is illegible, and on that basis deny
9  them.
10  4. Answering Part IV of the complaint, entitled "Relief," defendants deny each and
11 every allegation of said paragraph and deny that plaintiff is entitled to any relief at all.

## AFFIRMATIVE DEFENSES

1. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that plaintiff's complaint fails to state a cause of action as to said defendants.

2. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that plaintiff's action is barred by the applicable limitation provisions, including, but not limited to, section 342 and section 335.1 of the California Code of Civil Procedure, and every other limitations period applicable to each and every cause of action alleged in the complaint.

3. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that plaintiff is solely or partially responsible for injuries sustained or damages suffered, if any.

4. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants assert that each claim and cause of action is barred by the failure of plaintiff to exhaust administrative remedies, including, but not limited to, those available through defendant County of Contra Costa and

1 | the Contra Costa County Sheriff's Office.

2 |     5. Further answering the complaint and the separate causes of action thereof, and as a
3 | further, separate and distinct affirmative defense thereto, said defendants allege that plaintiff
4 | has failed to exhaust administrative remedies, including but not limited to grievance
5 | procedures (See *Porter v. Nussle*, 534 U.S. 516 (2002), and his claims are barred thereby.

6 |     6. Further answering the complaint and the separate causes of action thereof, and as a
7 | further, separate and distinct affirmative defense thereto, said defendants allege that they are
8 | immune from liability, and cannot be held liable for any injury that may have been sustained
9 | by plaintiff, which injury defendants specifically deny, and that defendants were at all relevant
10 | times performing duties in an objectively reasonable manner, within lawful responsibilities,
11 | and are therefore immune from suit.

12 |     7. Further answering the complaint and the separate causes of action thereof, and as a
13 | further, separate and distinct affirmative defense thereto, said defendants allege that at all
14 | times herein mentioned, all actions taken by defendants and their employees were reasonable
15 | under the circumstances and taken under a good faith belief that the actions were lawful and
16 | defendants and their employees are therefore immune under qualified immunity and the Good
17 | Faith Immunity Doctrine.

18 |     8. Further answering the complaint and the separate causes of action thereof, and as a
19 | further, separate and distinct affirmative defense thereto, said defendants allege that plaintiff's
20 | action is barred by the equitable doctrines of laches, estoppel, and waiver.

21 |     9. Further answering the complaint and the separate causes of action thereof, and as a
22 | further, separate and distinct affirmative defense thereto, said defendants allege that at all
23 | relevant times alleged in the complaint, they acted in good faith and not in violation of any
24 | clearly established right of plaintiff, and are therefore immune from suit herein.

25 |     10. Further answering the complaint and the separate causes of action thereof, and as a
26 | further, separate and distinct affirmative defense thereto, said defendants allege that plaintiff
27 | has failed to take care and action to mitigate his damages, if any, and has allowed further
28 | damages, if any, to occur.

11. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that in the event that they are found liable to plaintiff, which liability is denied, these answering defendants will seek the benefit of several liability for non-economic damages as provided by Civil Code Sections 1431 through and including 1432.

12. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that as to any state law claims, each cause of action is barred under the provisions of Government Code section 910, et seq., and Code of Civil Procedure section 313 for failure to fully comply with the claims reporting provisions and failure to set forth in any tort claim filed the facts and theories that are set forth in the pending complaint, and each and every cause of action alleged in the complaint as to which the law requires such a claim is barred.

13. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that plaintiff's action alleges facts, circumstances, and damages that are different from those alleged in the claim submitted to Contra Costa County by plaintiffs, and to that extent, the action by plaintiffs is barred by the failure to comply with applicable claims statutes.

14. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that in connection with acts alleged in the complaint, they acted pursuant to mandatory duties imposed by law which they carried out with reasonable diligence, and for that reason are immune from liability.

15. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that they are immune pursuant to Government Code section 820.2 for the exercise of discretion.

16. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that they are immune pursuant to Government Code section 820.6.

ANSWER FOR DEFENDANTS HAYES, SIBBITT, BURNS AND VICKERS
C 07 - 4258 SI (PR)                                                                                                                   5

1       17. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that they are immune pursuant to Government Code section 820.8.

      18. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that they are immune pursuant to Government Code section 822.2 for any misrepresentations.

      19. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that they are immune pursuant to Government Code section 844.6.

      20. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege that they are immune pursuant to Government Code section 845.6.

      21. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendants allege they are immune from suit pursuant to the immunities and defenses contained in Government Code sections 810 through 895.8.

WHEREFORE, defendants pray for the following relief:

a.   That Plaintiff take nothing by his Complaint and that defendants be dismissed;

b.   That Defendants be awarded costs;

c.   That Defendants be awarded attorneys fees; and

d.   For such other relief that the court deems just and proper.

DATED: February 26, 2008                SILVANO B. MARCHESI, County Counsel

By:_____
    MONIKA L. COOPER
    Deputy County Counsel
    Attorneys for Defendants
    HAYES, SIBBITT, BURNS AND VICKERS

1 | JURY TRIAL DEMAND

Defendants HAYES, SIBBITT, BURNS AND VICKERS demand trial by jury in this action.

DATED: February 26, 2008

SILVANO B. MARCHESI
COUNTY COUNSEL

By:_____/s/_____
MONIKA L. COOPER
Deputy County Counsel
Attorneys for Defendants
HAYES, SIBBITT, BURNS AND VICKERS