UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIBBOLETH E. ADELL, JR., | No. C 07-4258 SI (pr) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED** |
| v. | |
| JEFF VICKERS, food service cook; et al., | |
| Defendants. | |

Plaintiff filed this action on August 20, 2007, complaining about the food service at the Contra Costa County Jail. The court issued an order of service on January 19, 2008. The copy of the order of service mailed to plaintiff came back undelivered with a mark on the envelope indicating that plaintiff was no longer in custody at the county jail. Plaintiff has not filed a notice of change of address.

Defendants have filed an amended motion for an extension of time to file their dispositive motion. In their amended motion (docket # 17), they explain that they may have located plaintiff, despite his failure to provide a notice of change of address. Defendants learned that plaintiff might be at the Delaney Street program in San Francisco, so they mailed a document to him at that address. The document was returned undelivered with a notation that plaintiff was in the Delaney Street program in Los Angeles. Defendants then sent the document to plaintiff at the Delaney Street program in Los Angeles. On March 18, 2008, defense counsel received a telephone call from Jonathan Hill at the Delaney Street Foundation in Los Angeles; Hill told defense counsel that plaintiff was in the program but would not be able to participate in any

litigation as long as he was in the program. Hill also told counsel that plaintiff understood the terms of his treatment and was scheduled for release on November 13, 2009.

If the information provided by Hill is correct, there will be an unacceptable and unreasonable delay in the prosecution of this action. By the time plaintiff is released from the Delaney Street program, this case will be over two years old and absolutely no progress (other than the court-ordered service of process) will have been made. While plaintiff's participation in the Delancey Street program is important to him, the court does not want to keep an abandoned lawsuit on its docket and defendants likely do not want to have unresolved litigation looming for at least two years. Furthermore, plaintiff's failure to file a notice of change of address suggests that he may have lost interest in prosecuting this action now that he is no longer in the county jail. But for defense counsel's efforts, the court would have no idea where plaintiff was located. Accordingly, the court will require plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to keep the court informed of his current address.

TO PLAINTIFF, SIBBOLETH E. ADELL, JR.: You are hereby ordered to show cause why this action should not be dismissed for failure to prosecute and failure to keep the court informed of your current address. You must file, and serve on defense counsel, a written response no later than **May 2, 2008**. In your response, you should explain why you have not provided the court with a current address for service of documents, explain how and when you plan to prosecute this action and explain how and when you will make yourself available for the deposition defendants want to conduct. Failure to file and serve a written response by the deadline will result in the dismissal of this action.

Defendants' motion to extend the deadlines for the filing of a dispositive motion is GRANTED. (Docket # 17.) The briefing schedule for dispositive motions is VACATED. The court will wait for the response to the order to show cause to determine whether and when to set a briefing schedule.

/ / /

/ / /

The clerk shall mail a copy of this order to plaintiff at the following two addresses: (1) 2456 Frances Street, Oakland, CA 94601, (2) c/o Delaney Street Program, 400 North Vermont, Los Angeles, CA 90004.

IT IS SO ORDERED.

Dated: April 1, 2008

SUSAN ILLSTON
United States District Judge

3