

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

RECEIVED
APR 15 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
APR 15 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RETURN TO SENDER
UNABLE TO FORWARD

Sibboleth E. Adeh 2007012452
5535 Giant Hwy.
Richmond, CA 94806

UNITED STATES POSTAGE
02 1A
0004329882   $ 00.41⁰
APR 03 2008
MAILED FROM ZIP CODE 94102
PITNEY BOWES

FILED
APR X 2 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIBBOLETH E. ADELL, JR.,

    Plaintiff,

v.

JEFF VICKERS, food service cook; et al.,

    Defendants.

No. C 07-4258 SI (pr)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

    Plaintiff filed this action on August 20, 2007, complaining about the food service at the Contra Costa County Jail. The court issued an order of service on January 19, 2008. The copy of the order of service mailed to plaintiff came back undelivered with a mark on the envelope indicating that plaintiff was no longer in custody at the county jail. Plaintiff has not filed a notice of change of address.

    Defendants have filed an amended motion for an extension of time to file their dispositive motion. In their amended motion (docket # 17), they explain that they may have located plaintiff, despite his failure to provide a notice of change of address. Defendants learned that plaintiff might be at the Delaney Street program in San Francisco, so they mailed a document to him at that address. The document was returned undelivered with a notation that plaintiff was in the Delaney Street program in Los Angeles. Defendants then sent the document to plaintiff at the Delaney Street program in Los Angeles. On March 18, 2008, defense counsel received a telephone call from Jonathan Hill at the Delaney Street Foundation in Los Angeles; Hill told defense counsel that plaintiff was in the program but would not be able to participate in any

litigation as long as he was in the program. Hill also told counsel that plaintiff understood the terms of his treatment and was scheduled for release on November 13, 2009.

If the information provided by Hill is correct, there will be an unacceptable and unreasonable delay in the prosecution of this action. By the time plaintiff is released from the Delaney Street program, this case will be over two years old and absolutely no progress (other than the court-ordered service of process) will have been made. While plaintiff's participation in the Delancey Street program is important to him, the court does not want to keep an abandoned lawsuit on its docket and defendants likely do not want to have unresolved litigation looming for at least two years. Furthermore, plaintiff's failure to file a notice of change of address suggests that he may have lost interest in prosecuting this action now that he is no longer in the county jail. But for defense counsel's efforts, the court would have no idea where plaintiff was located. Accordingly, the court will require plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to keep the court informed of his current address.

TO PLAINTIFF, SIBBOLETH E. ADELL, JR.: You are hereby ordered to show cause why this action should not be dismissed for failure to prosecute and failure to keep the court informed of your current address. You must file, and serve on defense counsel, a written response no later than **May 2, 2008**. In your response, you should explain why you have not provided the court with a current address for service of documents, explain how and when you plan to prosecute this action and explain how and when you will make yourself available for the deposition defendants want to conduct. Failure to file and serve a written response by the deadline will result in the dismissal of this action.

Defendants' motion to extend the deadlines for the filing of a dispositive motion is GRANTED. (Docket # 17.) The briefing schedule for dispositive motions is VACATED. The court will wait for the response to the order to show cause to determine whether and when to set a briefing schedule.

/ / /
/ / /

2

1 | The clerk shall mail a copy of this order to plaintiff at the following two addresses: (1)
2 | 2456 Frances Street, Oakland, CA 94601, (2) c/o Delaney Street Program, 400 North Vermont,
3 | Los Angeles, CA 90004.
4 | IT IS SO ORDERED.
5 | Dated: April __1, 2008

SUSAN ILLSTON
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SIBBOTH E. ADELL,

   Plaintiff,

v.

JEFF VICKERS et al,

   Defendant.
_____/

Case Number: CV07-04258 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sibboleth E. Adell 2007012452
5535 Giant Hwy.
Richmond, CA 94806

Dated: April 2, 2008

            Richard W. Wieking, Clerk
            By: Tracy Sutton, Deputy Clerk